UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON AND PATRICIA MERCADEL** | * CIVIL ACTION |
| **VERSUS** | * NO. 07-6514 |
| **FIDELITY AND DEPOSIT COMPANY OF MARYLAND** | * SEC. "B"(1) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 6). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED PROVIDED THAT** Plaintiffs provide an affidavit within ten (10) days stating they will neither accept nor seek to enforce any portion of a judgment above $75,000, exclusive of interest and costs. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). **IT IS FURTHER ORDERED**, Plaintiffs' Motion for Attorney's fees is **DENIED**.

## BACKGROUND

Aaron and Patricia Mercadel (hereinafter "Plaintiffs") suffered damage to their properties as a result of Hurricane Katrina. Plaintiffs were insured by Defendant, Fidelity and Deposit Company of Maryland (hereinafter "Defendant"). Plaintiffs had three insurance policies with Defendant that covered two properties. Policy number RFL-72471 was paid

$24,000, policy number RFR 261941-6 was also paid $24,000, but policy number RFR 3263915 was only paid $2,099. The dispute arose when Defendant failed to payout the maximum in relation to RFR 3263915; Defendant paid out the maximum for the other two polices. Each policy was worth a maximum of $24,000. Plaintiffs are suing for penalties associated with Defendant not paying out the maximum, and also for attorney's fees.

Plaintiffs filed suit against Defendant in relation to the allegation of unpaid insurance claims in the Civil District Court of the Parish of Orleans, in the State of Louisiana, on August 29, 2007. In response, Defendant filed a *Notice of Removal* based on *diversity jurisdiction* from the state court system to the federal court system on October 5, 2007. The crux of Defendant's argument is that Plaintiffs claim surpasses the financial jurisdictional threshold due to a combination of the unpaid insurance claim, penalties, attorney's fees, in conjunction with Plaintiffs' silence in respect to the amount in question. Plaintiffs then filed a *Motion to Remand and for Attorney's Fees* on October 30, 2007, stating that Defendant has not met its required burden to remove to the federal system. Defendant responded by reiterating its wish to remove to federal court by filing a *Memorandum in Opposition to Plaintiffs' Motion to Remand and for Attorney's Fees* on November 27, 2007, asserting that the claim will more likely than not reach and exceed the

jurisdictional amount.

As mentioned above, on August 29, 2007, Plaintiffs filed suit against Defendant in the Civil District Court for the Parish of Orleans, Louisiana.  Plaintiffs' *Petition for Damages* consists of nine paragraphs, in which, paragraphs seven, eight, and nine contain Plaintiffs' theories of recovery.  In Plaintiffs' *Motion to Remand and Attorney's Fees*, Plaintiffs contend that their case does not qualify for a removal to the federal system.  Plaintiffs concede that diversity of citizenship exists, but argue that the financial threshold has not been met.  Specifically, Plaintiffs assert that Defendant "has removed the case based solely on diversity jurisdiction," and that Defendant cannot supply the requisite facts to support its assertion that the minimum financial threshold of  $75,000 is present.  Plaintiffs rely on 28 U.S.C. § 1332(a)(1).

Plaintiffs put forth the assertion that in instances where the defense is moving to remove to federal court, it is the defense that bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists. *De Aguilar*, 47 F.3d at 1412.  Plaintiffs contend that Defendant has not met its burden in terms of the financial threshold of $75,000. Plaintiffs point that Defendant cites the maximum amount of the policies totaling at $72,000, in an attempt to reach the threshold instead of proving the amount required to remove to

federal court.  "In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy." *Atkins v. Lexington Ins., Co.*, 2006 WL 1968895 (E.D. La. July 12, 2006) (citing *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

   Plaintiffs claim that Defendant refers loosely to penalties and attorney's fees, to help establish the requisite threshold of $75,000.  "The preponderance [of evidence] burden forces the Defendant to do more than point to a state law that *might* allow the Plaintiff to recover [the threshold amount]."  *De Aguilar*, 47 F.3d at 1412.  Plaintiffs specifically state that Defendant cannot, with any certainty, prove that the charges and penalties associated with their suit will exceed the requisite amount in order to give way to federal jurisdiction.  "The defendant must produce evidence that establishes . . . the actual amount in controversy exceeds [the jurisdictional amount]." *Id*.  Further, Plaintiffs contend that the allegation that their silence constitutes a concession of the requisite jurisdictional amount in respect to Louisiana Code of Civil Procedure Article 893, is false, and "the Court disagrees that the silence of the petition creates federal jurisdiction." *Berthelot v. Scottsdale Ins. Co.*, 2007 WL 716126 (E.D. La. 2007).  Therefore, Defendant's *Notice of*

*Removal* is deficient, as it fails to substantiate federal jurisdiction.

As mentioned above, Defendant filed a *Memorandum in Opposition to Plaintiffs' Motion to Remand and for Attorney's Fees* on November 27, 2007. Defendant rejects Plaintiffs assertion that Defendant has "no objectively reasonable grounds to believe its removal attempt is legally proper." Defendant states that its burden of proof is only a preponderance of the evidence, that it only need be more likely than not that Plaintiffs' claims will exceed the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendant's main argument is that according to Louisiana Code of Civil Procedure 893, when Plaintiffs failed to plead a "general allegation that their claim . . . is less than the requisite amount for jurisdiction of the federal court," they effectively conceded that federal jurisdiction is and was present. Defendant relies on *Bruce v. Fisher*, 2006 WL 2505908 (W.D. La. July 13, 2006). Defendant further argues that the aggregate effects of Plaintiffs' claims, i.e., property damage, damage to contents, additional living expenses, penalties, and attorney's fees, created "no question" that Defendant has proven by preponderance of the evidence that Plaintiffs' claims exceed the jurisdictional amount. Defendant is relying on the face of

the complaint asserting it apparent that the amount in controversy is sufficient to pass the jurisdictional threshold. *De Aguilar*, 47 F.3d at 1412.  Defendant also contends that it is telling, insomuch as Plaintiffs have failed to establish that their claim does not fall below the requisite jurisdictional amount.  *Id*. at 1411.

Defendant contends that Plaintiffs have given no indication of what exactly is in dispute, nor have Plaintiffs made any demand outside of the petition as to the dollar amount being sought.  Defendant asserts that all three insurance policies taken together indicates that as much as $72,000 may be in dispute.  Further, Plaintiffs are seeking an award for penalties and attorney's fees, so Defendant "clearly had an objectively reasonable basis to believe that the jurisdictional amount was satisfied by a preponderance of the evidence."  Therefore, Defendant has demonstrated that the aggregate of Plaintiffs' claims exceeds the jurisdictional amount required to remove to the federal system, as well as demonstrated that the claim for Plaintiffs' attorney's fees are not warranted.

## DISCUSSION

### A. Diversity Jurisdiction

The requirements for a civil action to be removed to federal court are governed by 28 U.S.C.A. § 1332.  Generally, there are two requirements.  First, the action must be between citizens of

different states.  And second, the amount in controversy must exceed $75,000, exclusive of costs and interest.  In the instant case, Plaintiffs are citizens of the State of Louisiana, and are domiciled in the Parish of Jefferson.  Defendant on the other hand is "organized under the laws of New York, with its principle place of business located in the State of Maryland."  There is no dispute between Plaintiffs and Defendant as to the validity of the first requirement of 28 U.S.C.A. § 1332; Plaintiffs and Defendant have diversity of citizenship.

   The dispute between Plaintiffs and Defendant, in terms of diversity jurisdiction rests on the second requirement outlined by 28 U.S.C.A. § 1332.  Specifically, Defendant asserts that Plaintiffs' claims create objectively reasonable grounds to determine that the amount in controversy is in excess of the requisite amount of $75,000.  Plaintiffs on the other hand contend that Defendant has only pointed to the amount of insurance policies, along with Plaintiffs' claim for penalties and attorney's fees, and therefore have failed to satisfy their burden.  It is the defense that bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists. *De Aguilar*, 47 F.3d at 1412.  "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*,

44 F.3d 256, 264 (5th Cir. 1995). Plaintiffs' state court petition only mentions payment of "insufficient funds," failure to "pay additional living expenses," failure to pay for "contents of first floor," and calls for "penalties and attorney's fees." There is no mention of any dollar amount in Plaintiffs' state court petition. Lack of a specific dollar amount creates ambiguity as to the amount in play "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendant puts forth the argument that they "have no way of knowing the extent of plaintiffs' claims . . . ." And as such, Defendant contends that the value of the three separate insurance polices, which equals $72,000 are in controversy. The problem with Defendant's argument is that two of the three policies have been paid out in the maximum. Each of Plaintiffs' three polices had a maximum pay out of $24,000. Policy number RFL-72471 and policy number RFR 261941-6 were each paid the maximum of $24,000. Only policy number RFR 3263915 was not paid out in the maximum, Defendants paid $2,099 on this policy, leaving a potential of $21,901 unpaid. As such, the only amount in controversy in respect to the actual pay out on the insurance policies is $21,901, and not $72,000, because $50,099 has already been paid

8

by Defendant before any suit was brought by Plaintiffs.

**B.   Ambiguity Creates Favor For Remand**

Defendant contends that Plaintiffs' "silence" in terms of the dollar amount of their claim in conjunction with the Louisiana Code of Civil Procedure Article 893, effectively acts as a concession that the requisite jurisdictional amount has been satisfied.  As mentioned above, Defendant relies on *Bruce v. Fisher*, 2006 WL 2505908 (W.D. La. July 13, 2006).  Plaintiffs' response to Defendant's assertion includes two more recent cases that are contrary to *Bruce v. Fisher*, in respect to silence acting as concession.  *Berthelot v. Scottsdale Ins. Co.*, 2007 WL 716126 (E.D.La. 2007); *Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007).  The concept of a Plaintiff not asserting a specific dollar amount has not been decisively ruled, but more recent cases have been determined contrary to Defendant's allegation.  This issue is ambiguous and therefore removal is precluded.  *Manguno*, 276 F.3d at 723.

**C.   Attorney's Fees**

Defendant also argues that penalties and attorney's fees in conjunction with the insurance policies bring them to the requisite jurisdictional amount of $75,000.  It is true that if it is found that removal was improper, it is certainly within the court's discretion to award attorney's fees.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  And,

"[a]ttorney's fees are not costs and may be included in the amount in controversy . . . ." 77 C.J.S. Removal of Cases § 111. Costs and Attorney's Fees (June 2008).  Attorney's fees can be combined to satisfy the amount in controversy in a diversity jurisdiction claim.  *Brooks, et al. v. Georgia Gulf Corp.*, 924 F. Supp. 739, 742 (M.D.La. 1996).  It is clear that attorney's fees can be combined, but,  there is no indication of what Plaintiffs' attorney's fees may be, and as mentioned above, if there is any ambiguity then the action is not be removed; in cases of ambiguity the courts favor remand.  *Manguno*, 276 F.3d at 723.

**D.  Penalties**

In respect to legally enforceable penalties, if it is determined that Defendant did in fact "arbitrarily and capriciously" fail to pay the insured, they would in turn be subject to a penalty of 25% on the amount found to be due.  LSA.-R.S. 22:658.  The only insurance policy that was not paid is full is RFR 3263915, Defendant paid $2,099 on this policy, leaving a potential of $21,901 unpaid.  Therefore the maximum penalty that can be imposed under Louisiana insurance law is 25% of $21,901, which is $5,475.25.

Further, the amount potentially due on insurance policy number RFR 3263915 is $21,901, and that amount plus the possible penalty of $5,475.25, for not paying out the maximum is $27,376.25.  Defendant has the burden of proving the requisite

jurisdictional amount, and thus far Defendant has failed to do so.  Defendant has fallen short of the $75,000 mark by $47,623.75.  Therefore, removal was improper.

## CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED PROVIDED THAT** Plaintiffs provide an affidavit **within ten (10) days** stating they will neither accept nor seek to enforce any portion of a judgment above $75,000, exclusive of interest and costs.  **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney's fees is **DENIED**.  Failure to timely submit the affidavit will lead to denial of the motion to remand.

New Orleans, Louisiana, this 10th day of June, 2008.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE